UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BETELHEM SHIFERAW, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 2:13-cv-02171-JAK (PLAx)<br><br>Honorable John A. Kronstadt<br>Courtroom 750<br><br>**[PROPOSED]** PROTECTIVE ORDER<br><br><br>Complaint Filed:　March 18, 2013<br>Date of Removal:　March 26, 2013 |

　　　The Court, having reviewed and considered the Parties' Stipulation for Entry of Protective Order, and good cause appearing therefore,

　　　IT IS HEREBY ORDERED AS FOLLOWS:

　　　1.　　The Protective Order shall apply equally to documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information (all such materials and information shall be referred to as "Information") produced by the Parties (or third parties) in connection with this case. Plaintiff Betelhem Shiferaw ("Plaintiff") and Defendant Sunrise Senior Living Management, Inc. ("Sunrise") shall be referred to collectively as the "Parties" or each individually as a "Party."

2.     Any Information that a Party believes in good faith contains or comprises any proprietary, commercially sensitive, trade secret information or personal records ("Confidential Information") produced by a Party to this litigation or third party in connection with this case ("the Producing Party") may be designated by counsel for the Producing Party as "Confidential" in his/her reasonable and good faith judgment by marking or designating the information in the manner provided in paragraph 3 of the Protective Order.  Counsel for a Producing Party may also designate any Information as "Confidential - Attorneys' Eyes Only" if the Producing Party believes in good faith that the information is of a highly proprietary or sensitive nature, the disclosure of which, other than as permitted pursuant to paragraph 4 of the Protective Order, could cause financial or business harm to the Producing Party or to another Party by marking or designating the information in the manner provided in paragraph 3 of the Protective Order ("Attorneys' Eyes Only Information").  Failure of counsel to designate Information as Confidential or Confidential - Attorneys' Eyes Only shall not be deemed a waiver of confidentiality.

3.     Any Confidential Information or Attorneys' Eyes Only Information shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only" by the Producing Party by so stamping the material with the appropriate legend.  Any Party producing Confidential Information or Attorneys' Eyes Only Information during or in connection with a deposition shall, on the record of the deposition, designate all or portions thereof as "Confidential" or "Confidential - Attorneys' Eyes Only" under the terms of the Protective Order prior to or during the deposition.  Within thirty (30) days after receipt of the deposition transcript, the Producing Party will mark the portions of the deposition transcript as "Confidential" or "Confidential - Attorneys' Eyes Only" in accordance with the designations made before or during the deposition and shall provide a copy of the marked deposition transcript to all counsel.  Only those portions of the transcript of the deposition designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall be so treated, except that all copies of deposition

transcripts that contain designated Information shall be prominently marked "Confidential" or "Confidential - Attorneys' Eyes Only" on the cover, and when filed with the Court, in whole or in part, shall be lodged conditionally or filed under seal by Order of the Court.  For convenience, if a deposition transcript contains repeated references to Confidential Information or Attorneys' Eyes Only Information which cannot be conveniently segregated from non-confidential information, any Party may request that the entire transcript be designated Confidential or Confidential - Attorneys' Eyes Only.  In the event a Party inadvertently fails to designate Information as "Confidential" or "Confidential – Attorneys' Eyes Only," it may correct its failure in writing, accompanied by substitute copies of each item marked with the appropriate new designation.  After receipt of such notification, the Party to whom production has been made must replace the undesignated original and any and all copies (either in its possession or previously sent to any third parties) with the substitute copy and destroy or return to the Producing Party the original and any such copies within seven (7) days of receipt of the substitute copy.

4.   Absent a specific order by this Court, and except as provided below, once Information has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only," it may be used solely in connection with the following action: *Shiferaw v. Sunrise Senior Living Management, Inc.,* United States District Court for the Central District of California, Case No. 2:13-cv-02171-JAK (PLAx) and shall not be used for any business, proprietary or commercial purpose or in connection with any other litigation.  In the event that *Tameifuna v. Sunrise Senior Living, Inc., et al.*, United States District Court for the Central District of California, Case No. LA CV13-06294 JAK (PLAx), is consolidated with *Shiferaw v. Sunrise Senior Living Management, Inc.*, information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" may be used in the consolidated case.  Any Confidential Information that is produced shall be produced only to counsel of record for the parties in this litigation.  Counsel for any Party who obtains any Confidential Information from any other Party shall protect

it and its contents from disclosure to anyone other than the persons designated in this paragraph.  Counsel of record may disclose Confidential Information marked "Confidential" where necessary to the proper preparation for and trial of this case to:

(i) their employees and employee equivalents (*e.g.*, contract paralegals);

(ii) independent experts or consultants retained for the purpose of aiding counsel of record in connection with counsel's preparation for and trial of this case;

(iii) witnesses and deponents testifying under oath, where examining counsel has a good faith basis for believing that the witness or deponent has information or testimony pertinent to the Confidential Information; (iv) the named parties to this litigation; and (v) this Court and members of its staff, and any court of competent appellate jurisdiction.  Counsel of record may disclose Attorneys' Eyes Only Information marked "Confidential - Attorneys' Eyes Only" where necessary to the proper preparation for and trial of this case to:  (a) their employees and employee equivalents (*e.g.*, contract paralegals); (b) subject to the provisions of paragraph 5 below, independent experts or consultants retained for the purpose of aiding counsel of record in connection with counsel's preparation for and trial of this case; (c) any person or entity indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a copy recipient of the document; (d) this Court and members of its staff, and any court of competent appellate jurisdiction; and (e) any other person only upon order of the Court or upon stipulation of the Producing Party.

     5.    Before any such Confidential Information or Attorneys' Eyes Only Information, or substance or summary thereof, shall be disclosed to experts or consultants retained by the Plaintiff or witnesses for Plaintiff, Plaintiff is hereby ordered to tender a copy of the Protective Order to each such expert, consultant or witness in order that each such entity or person to whom such disclosure of Confidential Information or Attorneys' Eyes Only Information is made shall be on notice and fully informed that

the existence and substance of the Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon Plaintiff and her counsel.  In addition, those experts, consultants, or witnesses shall sign and abide by the terms of the declaration attached as Exhibit A.  Those experts, consultants or witnesses shall not give, show or otherwise divulge any of the Confidential Information or Attorneys' Eyes Only Information to any entity or person except as specifically provided for by the Protective Order.

6. If Plaintiff retains an expert or consultant who currently is employed by or retained as a strategic or business consultant by any entity that is currently or has been at any point a competitor of Sunrise (or its affiliates), Plaintiff shall provide written notice to counsel for Sunrise of their intention to disclose to such expert or consultant any Confidential Information or Attorneys' Eyes Only Information.  United States District Court for the Central District of California Local Rule 37 shall control the procedure by which Sunrise may challenge the disclosure of information designated as Confidential or Confidential - Attorneys' Eyes Only to the expert or consultant of the nature identified in this paragraph.  If Sunrise desires to challenge the disclosure of such documents to the expert or consultant, Sunrise shall initiate the filing of a Joint Stipulation and Notice of Motion challenging the disclosure, pursuant to Local Rule 37, within fourteen (14) days of receiving such written notice.  Once Sunrise has initiated the procedure set forth in Local Rule 37-1, Plaintiff shall be prohibited from disclosing any Confidential Information or Attorneys' Eyes Only Information to such expert or consultant without an order of the Court or the written consent of counsel for Sunrise.  If Sunrise fails initiate a Pre-Filing Conference of Counsel within the fourteen (14) day period, then Plaintiff may disclose Confidential Information or Attorneys' Eyes Only Information to that expert or consultant provided that he/she complies with the terms of paragraph 5 above.

7. Subject to paragraph 4(iii) and 4(c) above, discovering counsel may show Confidential Information or Attorneys' Eyes Only Information to a witness at a

Gibson, Dunn &
Crutcher LLP

deposition and examine that witness concerning the Confidential Information or Attorneys' Eyes Only Information. Examining counsel may, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Protective Order. If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the Confidential Information or Attorneys' Eyes Only Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated Confidential or Confidential - Attorneys' Eyes Only. In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed. The witness will be permitted to review the deposition transcript and exhibits at the reporter's office but shall not be permitted to retain a copy of portions of the deposition transcript or exhibits that have been designated as Confidential or Confidential - Attorneys' Eyes Only. If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

8. Confidential Information or Attorneys' Eyes Only Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments in this action, either as exhibits or as the basis for questions. In any motion, brief or other papers filed with the Court referring to Confidential Information or Attorneys' Eyes Only Information, any document a Party contends contains Confidential Information or Attorneys' Eyes Only Information will be treated in accordance with Federal Rule of Civil Procedure 26(c) and United States District Court for the Central District of California Local Rule 79-5. Accordingly, the Party filing the motion, brief or other papers containing Confidential Information or Attorneys' Eyes Only Information shall

lodge the complete filing with the Court as prescribed in Local Rule 79-5.1.  If any Party seeks to have any Confidential Information or Attorneys' Eyes Only Information contained in such filing sealed, that Party shall file an application and proposed order to file under seal along with the filing pursuant to Local Rule 79-5.1 that includes a showing of good cause for the under seal filing.  In the event the Court denies the Party's application to file under seal, the Clerk of the Court shall file the papers without being sealed.  In the event such an application is denied in part, the filing Party shall file a revised document, with only the portion of such filing found to fall within the requirements of FRCP 26(c) and Local Rule 79-5 being filed under seal.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. Pursuant to the pilot program regarding the submission of sealed documents, all proposed sealed documents must also be submitted via email to Judge Kronstadt's Chambers at jak_chambers@cacd.uscourts.gov (Dkt. 49).

10. The designation of Information as Confidential or Confidential - Attorneys' Eyes Only shall not be considered conclusive or binding on any Party, and such designation may be contested by noticed motion at any time.  If at any time during the pendency of this action, counsel for either Party believes that counsel for the other Party has unreasonably claimed that certain Information should be designated as Confidential or Confidential - Attorneys' Eyes Only, objecting counsel may file a Joint Stipulation under seal after following the procedure set forth in Central District of California Local Rule 37.  Alternatively, the moving party may file an *ex parte* application requesting that the Joint Stipulation be filed under seal.  The Joint Stipulation or *ex parte* application shall set forth good cause as to why the Joint Stipulation or portions thereof should be filed under seal.  However, unless and until an order of this Court sets aside a designation of Information as Confidential or Confidential - Attorneys' Eyes Only, all Information so designated shall be treated as

Confidential or Confidential - Attorneys' Eyes Only, pursuant to the terms of the Protective Order.

11. If at any time any Material protected by this Protective Order is subpoenaed from the receiving Party by any Court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to protected Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

12. Producing or receiving materials or otherwise complying with the terms of the Protective Order shall not:

   a. Prejudice the rights of either Party to object to the production of documents it considers not subject to discovery;

   b. Prejudice, limit or affect in any way the privacy rights of any of the Sunrise subsidiaries' current and/or former employees;

   c. Prejudice the rights of either Party to object to authenticity or admissibility of any document, testimony or evidence subject to the Protective Order;

   d. Prejudice the right of either Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of the Protective Order;

   e. Prejudice the rights of either Party to apply to this Court for a further protective order relating to any Information; or

   f. Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for therein with respect to any particular Information and to seek Court approval for such modification, if necessary.

13. The Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information or Attorneys' Eyes Only Information.

14. The provisions of the Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action in the event this action does not proceed to trial. The parties shall take such measures as are necessary and appropriate to prevent the use or disclosure of Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" after the conclusion of this litigation. However, should this action proceed to trial, all of the information designated as Confidential or Confidential - Attorneys' Eyes Only pursuant to the terms of the Protective Order become public and will be presumptively available to all members of the public, including the press, at the time of commencement of trial, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

15. Within forty-five (45) days after termination of this litigation, should this action not proceed to trial, the originals and all copies of Information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall, at the direction of the Producing Party, be destroyed or turned over to the Producing Party.

16. This Protective Order shall apply to all Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to the entry of this Protective Order.

Dated: September 16, 2013

*Paul L. Abrams*
Paul L. Abrams
United States Magistrate Judge